# United States Court of Appeals
## For the First Circuit

No. 06-1610

RAFAELA MOLINA DE MASSENET,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella and Lynch, Circuit Judges,
and Lisi,* District Judge.

José Guillermo Gonzalez-Hernandez on brief for petitioner.
William C. Erb, Attorney, Office of Immigration Litigation,
Peter D. Keisler, Assistant Attorney General, and Greg D. Mack,
Senior Litigation Counsel, on brief for respondent.

May 15, 2007

---

* Of the District of Rhode Island, sitting by designation.

**LYNCH**, **Circuit Judge**.  Rafaela Molina de Massenet, a native and citizen of the Dominican Republic, petitions for review of an order of the Board of Immigration Appeals (BIA), which summarily affirmed the decision of an Immigration Judge (IJ).  The IJ's decision, dated November 22, 2005, denied Molina's second motion to reopen her removal proceedings, thereby preventing Molina from proceeding with a second I-751 petition to remove conditions on her residency status.  The IJ explained that Molina had already filed a prior I-751 that had been rejected due to marriage fraud, and that Molina herself had admitted this fraud.  Our review is for abuse of discretion.  There was no abuse, and we deny the petition for review.

I.

Molina was admitted to the United States in September 1992, for permanent residence on a conditional basis, based on her marriage to a United States citizen.  In 1994, Molina and her husband jointly filed a form I-751, which is a petition to remove a resident alien's conditional status.  Molina and her husband were both interviewed in February 1995, and the interview raised suspicions about the legitimacy of their marriage.  In November 1995, she and her husband were served with a Notice of Intent to Deny, and they were given ample opportunity to reply to the government's suspicions.  They did not respond.  Accordingly, on

April 16, 1996, an INS district director rejected the I-751 petition and Molina's conditional resident status was terminated.

It was not until February 7, 2001 that the slowly grinding wheels of the INS placed Molina in removal proceedings. The Notice to Appear alleged that Molina was removable because: (1) she had procured entry into the United States through fraud or willful misrepresentation, see 8 U.S.C. §§ 1227(a)(1)(A), 1182(a)(6)(C)(i), and (2) her status as a lawful conditional resident alien had been terminated, see id. § 1227(a)(1)(D)(i). Molina failed to appear at her October 2, 2001 removal hearing and so she was ordered removed in absentia.

In March 2005, an IJ reopened the removal hearing on the basis of Molina's representation that she had not received notice of the October 2001 hearing. At her new hearing in July 2005, Molina was represented by counsel and she admitted all of the allegations in the Notice to Appear, including that she had committed marriage fraud. Based on this admission, the IJ found that she was not eligible for cancellation of removal. In an order dated July 26, 2005, the IJ granted Molina the option of voluntary departure until November 23, 2005, with an alternate order of removal to the Dominican Republic. Molina did not appeal to the BIA.

What Molina did do was retain a new attorney and try to start all over again. She filed a second motion to reopen on

November 22, 2005, the denial of which is the subject of this petition. The motion was filed one day before Molina's voluntary departure period expired.

The IJ found that the purported grounds to reopen were without merit and denied the motion. Molina's motion had sought the opportunity to apply for a "hardship waiver" under 8 U.S.C. § 1186a(c)(4)(A), see also 8 C.F.R. § 216.5(a)(1)(i), which is a waiver of certain requirements for filing a joint I-751 petition. See 8 C.F.R. § 216.5. But the IJ found that Molina was ineligible for such relief. Since Molina's conditional resident status had already been terminated following the denial of her first I-751 petition, the IJ reasoned that Molina was now ineligible to file a second I-751 petition. Additionally, the IJ was unpersuaded by the fact that Molina had in fact filed a second I-751 in October 2005 (whose filing fee was accepted through administrative error). Finally, to the extent that Molina sought reopening in order to challenge the denial of her original I-751 application, the IJ concluded that it was too late for Molina to do so as she had admitted at her July 2005 removal hearing that her marriage was fraudulent. The BIA summarily affirmed.

## II.

Because the BIA summarily affirmed the IJ's decision, we review the IJ's decision as though it were the BIA's. See Jean v. Gonzales, 461 F.3d 87, 89-90 (1st Cir. 2006). The denial of a

-4-

motion to reopen is reviewed for abuse of discretion. See Aquilar v. Gonzales, 475 F.3d 415, 417 (1st Cir. 2007). However, we review the agency's legal interpretations de novo, subject to appropriate principles of administrative deference. See Naeem v. Gonzales, 469 F.3d 33, 36 (1st Cir. 2006).

There was no abuse of discretion in the IJ's denial of the second motion to reopen.[1] By law, when the district director rejected Molina's first I-751 petition on April 16, 1996, Molina's conditional residence status ceased as of that date. See 8 U.S.C. § 1186a(c)(3)(C); 8 C.F.R. § 216.4(d)(2). Indeed, Molina's second motion to reopen even conceded that her lawful conditional resident status was terminated in 1996.

After April 1996, Molina still retained the ability to challenge the director's decision once she entered removal proceedings. See 8 U.S.C. § 1186a(c)(3)(D); 8 C.F.R.

---

[1] We do note, however, that there is a problem with one of the arguments that the government presents in support of the IJ's decision. The government argues that because Molina was under a final order of removal, she was ineligible for the hardship waiver she sought. It is true that an alien is ineligible for the waiver once there is a final order of removal. See 8 C.F.R. § 216.5(a)(2). But Molina does not appear to have been under a final order of removal at the time she filed her second motion to reopen: she still had one day left on her voluntary departure period. See id. § 1241.1(f) (stating that when "an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure," and no appeal is taken to the BIA, the order of removal becomes final "upon overstay of the voluntary departure period"); cf. id. § 1003.39 (stating that an IJ's decision becomes administratively final upon either waiver of an appeal or the expiration of the time to file an appeal).

§ 216.4(d)(2). But rather than mount such a challenge, Molina admitted that she had engaged in marriage fraud.

If the point of Molina's second motion to reopen was that she disagreed with the decision on her first I-751 petition, one would expect her to explain why, during her removal proceedings, she failed to dispute the director's decision. Molina did not provide any such explanation. Instead, Molina briefly alleged that her prior counsel had provided her with ineffective assistance. The IJ rejected this "blurry claim" for total failure to meet the requirements of In re Lozada, 19 I. & N. Dec. 637 (BIA 1988). The IJ also commented that "prima facie there seems to be no apparent neglect or negligence" on the part of prior counsel. Molina's ineffective assistance argument was not made before the BIA, and she has again abandoned it in her petition for review.

It is also possible to understand Molina's second motion to reopen to have been seeking the opportunity to proceed with a second I-751 petition. But as the IJ recognized, the immigration regulations generally presuppose that an individual must be a conditional resident to be eligible to file an I-751, see 8 C.F.R. §§ 216.4(a)(1), 216.5(a)(1), and Molina certainly was not a conditional resident when she filed her second I-751 in October 2005.

Notwithstanding the above-cited regulations, it may be that the BIA recognizes circumstances in which an individual can

file an I-751 seeking a hardship waiver, even though her conditional resident status has previously been terminated. See In re Stowers, 22 I. & N. Dec. 605, 611-13 (BIA 1999). However, it is not clear that Stowers would permit the filing of a second I-751 after an alien's first petition had been finally rejected on the basis of marriage fraud. In any event, we need not resolve that issue, as arguments not raised before the BIA are waived due to a failure to exhaust administrative remedies. See Aquilar, 475 F.3d at 418. In her brief to the BIA, Molina never argued that she was eligible to file a second I-751 even after her conditional residence status had been terminated.[2]

Molina also tries to present a due process argument to this court. She contends that her due process rights were violated because no one has yet considered her second I-751 (and the hardship arguments that she makes in that new petition). This due

---

[2] Molina's full argument to the BIA consisted of two paragraphs recounting the factual circumstances behind her need for a hardship waiver and one paragraph of legal analysis. The analysis paragraph read as follows: "[T]he review of the I-751 p[e]tition in removal [p]roceeding[s] has never tak[en] place. Section 216 [of the INA] affords the respondent the opportunity for a [d]e [n]ovo [h]earing [to] discuss her denial. That also respondent also [sic] has a relief for Hardship, Section G." There were no citations to any cases, administrative decisions, regulations, or statutes (other than the general reference to § 216).

Of the three quoted sentences, the first two appear to be challenging the denial of Molina's first I-751 petition. Only the third sentence could be construed as relevant to an argument that Molina was eligible to file a second I-751, and that sentence was insufficient to put the agency on notice of Molina's claim.

process argument was not presented to the BIA, and so it too fails for lack of exhaustion.  See Kandamar v. Gonzales, 464 F.3d 65, 71 (1st Cir. 2006).  Nor does this case fall into one of the narrow circumstances in which exhaustion of a due process claim is not required.  See id. (explaining the exceptions); see also Ravindran v. INS, 976 F.2d 754, 762-63 (1st Cir. 1992).

In the end, Molina's petition for review amounts to nothing more than a humanitarian plea, based on Molina's five children (two of whom require special care and attention).  Molina asks that we ignore her admittedly fraudulent entry into the United States a decade and a half ago, and also ignore her failure to establish a legal basis for her presence.  The courts are not free to disregard the law.

There was no abuse of discretion.  We deny the petition for review.