**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 06-2071

ESSEN,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General for the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Lipez, and Howard, <u>Circuit Judges</u>.

<u>William A. Hahn</u> and <u>Hahn & Matkov</u> on brief for petitioner.
<u>Michael J. Sullivan</u>, United States Attorney and <u>Michael Sady</u>,
Assistant United States Attorney, on brief for respondent.

July 18, 2007

**Per Curiam**.  Petitioner, referred to in the record simply by the name "Essen," seeks review of an order of the Board of Immigration Appeals (BIA) affirming an order of removal against him.  He claims that he was denied his right to due process of law by being required to proceed without counsel, and that the Immigration Judge (IJ) erred by not finding that he had suffered past persecution, which would have qualified him for withholding of removal, see 8 U.S.C. § 1231(b)(3) (2007).  We deny the petition.

Essen, an Indonesian citizen of Chinese descent, entered the United States as a visitor in 2000.  In April 2003, the Immigration and Naturalization Service commenced removal proceedings against him for overstaying his visa.  Essen first appeared before an IJ on July 31, 2003, without counsel.  The IJ continued the hearing to September 8, 2003, so Essen could have an interpreter present.  The IJ also encouraged Essen to look for an attorney to represent him in the proceedings and provided Essen with a list of legal services agencies to assist him.

When Essen returned on the appointed date, he again appeared pro se, and the IJ asked him if he wanted more time to look for a lawyer.  Essen said that he did.  The IJ continued the hearing to November 10, 2003, but warned him that, whether he had a lawyer by that time or not, he would be placed under oath and asked to respond to the charges against him.  Essen acknowledged that he understood this.  The IJ also instructed Essen to take a

-2-

list of legal services agencies and to seek a lawyer right away.

Essen returned as scheduled, again appearing without counsel. The IJ reminded him that she had continued the hearing so that he could obtain counsel and that he had agreed to proceed with or without a lawyer. After asking Essen about each of the charges against him, the IJ determined that he was subject to removal, but also continued the case to permit Essen to apply for asylum or withholding of removal based on fear of persecution. The IJ also recommended that Essen contact a legal services agency for help with completing his application.

At the next hearing, on March 30, 2004, Essen, again appearing pro se, submitted the application, but not in English. The IJ allowed him additional time to file a proper application and gave him another copy of the list of legal services agencies as well as a written advisory informing him of his right to counsel. Essen submitted a translated version of the application at a later hearing, when he appeared without counsel again. The IJ accepted the filing as only an application for withholding of removal because Essen had failed to seek asylum within one year after his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2007). Then, continuing the hearing to December 7, 2004, the IJ recommended that Essen take another copy of the list of legal services agencies.

Essen appeared as scheduled, again pro se, and presented

testimony and exhibits in support of his withholding claim. He also produced a letter from an attorney he had apparently contacted in connection with the removal proceedings. In the letter, the attorney expressed a willingness to discuss the case but explained that he would be out of the country on December 7 and therefore could not appear at the hearing. The IJ treated the letter as a request for more time to find an attorney, and denied it.

The IJ then issued an oral decision denying Essen's requests both for asylum and withholding of removal. Though the IJ found that Essen "may have been able to establish a reasonable fear of persecution," she expressed doubt that "the fear would amount to a well-founded fear" as required to qualify for asylum on that basis, see, e.g., Sou v. Gonzales, 450 F.3d 1, 7 (1st Cir. 2006), and ruled that, in any event, Essen had unjustifiably failed to apply for asylum within the time required. The IJ also ruled that "[w]ith respect to withholding, it is quite evident that [Essen] has not met his burden of showing it is more likely than not he would suffer persecution" if returned to Indonesia. The IJ did, however, grant Essen voluntary departure. See 8 U.S.C. § 1229c(b)(1) (2007).

Essen appealed this decision to the BIA. His brief, prepared by counsel, identified the issues on appeal as (1) whether the IJ had denied him due process of law by requiring him to proceed pro se at the December 7 hearing, (2) whether the IJ had

wrongly held him to the one-year deadline for seeking asylum, and (3) whether the IJ had erroneously denied his requests for asylum and withholding of removal. The body of the brief, however, was dedicated exclusively to arguing the due process claim, save for one sentence that "the IJ should have found Essen entitled to either asylum or withholding of removal" based on his testimony and official reports of conditions in Indonesia. The BIA adopted and affirmed the IJ's decision, agreeing with her conclusion that Essen had failed to demonstrate his eligibility for either relief from the one-year asylum deadline or for withholding of removal. The BIA also rejected Essen's due process argument on the grounds that he had received "a just hearing" and "a fair opportunity to obtain representation." This petition followed.

In support of his petition, Essen renews the due process claim he made to the BIA, and also argues that the IJ erred by neglecting to consider whether he had demonstrated past persecution under the withholding of removal standard, as opposed to the asylum standard, cf. Un v. Gonzales, 415 F.3d 205, 209 (1st Cir. 2005) (ruling that IJ erred by denying withholding of removal claim without making finding as to past persecution). As the government points out, however, Essen did not present this second argument to the BIA, so he has waived it. See, e.g., Molina De Massenet v. Gonzales, 485 F.3d 661, 664 & n.2 (1st Cir. 2007).

We review Essen's due process claim de novo. Zheng v.

Gonzales, 464 F.3d 60, 62 (1st Cir. 2006); Kheireddine v. Gonzales, 427 F.3d 80, 83 (1st Cir. 2005). The Fifth Amendment entitles aliens to due process of law in removal proceedings. E.g., Mekhoukh v. Ashcroft, 358 F.3d 118, 128 (1st Cir. 2004); Morales v. INS, 208 F.3d 323, 327 n. 1 (1st Cir. 2000). In those proceedings, aliens are also afforded the statutory privilege "of being represented, at no expense to the Government, by counsel of the alien's choosing who is authorized to practice in such proceedings." 8 U.S.C. § 1229a(b)(4)(A) (2007). Aliens have no constitutional right to counsel during removal proceedings, however, as they are civil in nature and are designed solely to determine the respondent's eligibility to remain in the United States. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984).

We have recognized that, under certain circumstances, the abridgement of access to counsel in removal proceedings may amount to a denial of due process. See, e.g., Mekhoukh, 358 F.3d at 128-29. But we agree with the BIA that the IJ did not deprive Essen of due process by ultimately requiring him to go forward pro se. Starting at the outset of the removal proceedings, the IJ repeatedly informed Essen of his right to counsel and provided him a list of legal services agencies. Despite this information, and a number of continuances--at least one of them for the express purpose of providing him additional time to seek representation-- Essen never did obtain counsel. Indeed, even when Essen was

eventually heard on his application, he did not claim to have retained counsel, but simply produced a letter showing that a lawyer he had contacted could not have attended the hearing on his behalf.

By that point, the IJ had told Essen of his right to counsel on three occasions, once in writing; had encouraged him to utilize the list of legal services agencies on five occasions; and had granted approximately fourteen months' worth of continuances. Essen had ample opportunity, then, to retain an attorney before his claims for relief were heard on the merits. Under these circumstances, the ultimate adjudication of Essen's case without counsel did not offend due process. See Mekhoukh, 358 F.3d at 129 (finding no denial of due process where IJ required alien to proceed pro se after having informed him of his right to counsel at the outset of the removal proceedings, provided him with a list of contacts, and continued proceedings for three months).

We disagree with Essen that our decision in Herbert v. Ashcroft, 325 F.3d 68 (1st Cir. 2003), supports a different conclusion. In that case we reversed an IJ's denial of a motion to reopen removal proceedings following the entry of an order of removal in the absence of either the petitioner or his attorney. Id. at 71-72. Before the IJ decided to proceed in absentia, however, the petitioner's counsel had filed an emergency motion for a continuance explaining that he had been unexpectedly called to

appear before a federal magistrate judge in another matter at the same time as the scheduled hearing before the IJ--a fact that remained unknown to his client prior to the hearing. Id. Here, in contrast, the lawyer who wrote to Essen before the December 7 hearing never sought a continuance (or, for that matter, did anything to indicate his involvement in the case to the IJ), and Essen himself appeared for the hearing, as he had on several occasions beforehand, without any expectation that counsel would be there. Herbert, in which we did not even reach the petitioner's due process claim, id. at 72 n.2, does not help Essen with his. The petition for review is **denied**.

**So ordered.**