**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-2421

HERU KURNIAWAN, ET AL.,

Petitioners,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Yan Wang on brief for petitioners.
Anthony Wray Norwood, Senior Litigation Counsel, Jeffrey S.
Bucholtz, Acting Assistant Attorney General, and Terri J. Scadron,
Assistant Director, Office of Immigration Litigation, U.S.
Department of Justice, on brief for respondent.

August 28, 2008

**Per Curiam.**  Heru Kurniawan,[1] a native and citizen of Indonesia, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's denial of his application for withholding of removal under 8 U.S.C. § 1231(b)(3).[2]  He claims that when he lived in Indonesia, he was subject to harassment by members of his family because he converted from Islam to Christianity.  Kurniawan claims that the harassment will continue if he returns to Indonesia.

In order to qualify for withholding of removal, "an alien must show, by a clear probability, that [he] will be persecuted based on a protected ground if [he] is returned to [his] native country."  Ly v. Mukasey, 524 F.3d 126, 132 (1st Cir. 2008).  The applicant must also show that the persecution is "the direct result of government action, government-supported action, or government's unwillingness or inability to control private conduct."  Id. (quoting Kho v. Keisler, 505 F.3d 50, 55 (1st Cir. 2007)).  A

---

[1] His given name is Rifai Andreas Tumangka; however, he has adopted the name Heru Kurniawan in the United States.  Kurniawan's wife, Patty Diane Deetje, and their adult sons, Defri Steven and Welson Agustinus, filed derivative applications for relief from deportation based on Kurniawan's application.  Their claims rest on Kurniawan's and we therefore do not independently address them.

[2] Petitioner also seeks review of the BIA's denial of his petition for relief under the United Nations Convention Against Torture.  However, he waived this claim by failing to meaningfully raise it before the BIA.  Molina De Massenet v. Gonzales, 485 F.3d 661, 664 (1st Cir. 2007) (explaining that arguments not raised before the BIA are waived due to a failure to exhaust administrative remedies).

showing of past persecution gives rise to a rebuttable presumption of future persecution. 8 C.F.R. § 1208.16(b)(1)(i); Ruiz v. Mukasey, 526 F.3d 31, 35 (1st Cir. 2008).

Before the Immigration Judge (IJ), the petitioner testified that he converted from Islam to Christianity in 1984. Since that conversion, he and his wife have received threats from his parents and his father's family. These family members threatened to take his children away from him and his wife if he did not revert to Islam and raise his sons as Muslims. Although the IJ acknowledged that "harassment from one's family is ugly, discriminatory, and regrettable," the IJ concluded that he could not "find the harassment of the quality and degree experienced by the petitioners" supported a finding of persecution. This finding deprived the petitioner of a rebuttable presumption of future persecution. Ruiz, 526 F.3d at 35.

As the IJ properly noted, "[a]n applicant who has not suffered past persecution may demonstrate that his life or freedom would be threatened in a country on account of a protected ground" and thereby qualify for withholding of removal.[3] See 8 C.F.R. §

---

[3] The IJ rejected the petitioner's application for asylum because the application was filed after the one-year filing deadline. The IJ found that the petitioner did not raise any extraordinary or changed circumstances that would justify ignoring the requirement that aliens file an asylum application within one year of arriving in the United States. Jorgji v. Mukasey, 514 F.3d 53, 55 (1st Cir. 2008). The petitioner does not challenge that determination on appeal. In any event, we would not have the jurisdiction to entertain such a challenge. Ly, 524 F.3d at 130.

1208.16(b)(2). However, the IJ explained that the petitioner had failed to make such a showing. The petitioner provided no evidence of anyone outside of his family engaging in harassing or threatening behavior. The IJ further found that "there is no evidence that the government of Indonesia tolerates the discrimination [against Christians] in that country such as to be found as government directed or condoned so as to be tantamount to persecution." In support of this conclusion, the IJ cited the 2005 Country Report on Human Rights Practices in Indonesia, which refers to occasional incidences of violence against Christians, but does not indicate that the government either condones the religiously motivated violence or is unable to control it.

The BIA affirmed the IJ's decision, adopting its factual findings.[4] In seeking review, the petitioner challenges only the IJ's and BIA's conclusion that he fails to meet his burden of proving that it is more likely than not that he would be persecuted if he returns to Indonesia. He argues that the persecution he suffered in Indonesia, in conjunction with the 2005 Country Report on Human Rights Practices in Indonesia, constitutes evidence sufficient to satisfy his burden. However, nothing in the record or in his woefully inadequate brief compels a contrary finding. Jamal v. Mukasey, 531 F.3d 60, 66 (1st Cir. 2008) (explaining that

---

[4] We review both the IJ's and BIA's decisions when the BIA adopts and affirms the IJ's decision and adds its own analysis. Ly, 524 F.3d at 130.

a petitioner "must demonstrate the evidence in the record not only supports a contrary conclusion but compels it").

Therefore, we <u>deny</u> the petition for review.

<u>So ordered</u>.