# Matter of Ka A. PAEK, Respondent

*Decided September 17, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who was admitted to the United States at a port of entry as a conditional permanent resident pursuant to section 216(a) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(a) (2012), is an alien "lawfully admitted for permanent residence" who is barred from establishing eligibility for a waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (2012), if he or she was subsequently convicted of an aggravated felony.

FOR RESPONDENT: Daniel B. Conklin, Esquire, Harrisburg, Pennsylvania; Benjamin Ross Winograd, Esquire, Alexandria, Virginia[1]

FOR THE DEPARTMENT OF HOMELAND SECURITY: Richard S. O'Brian, Assistant Chief Counsel

BEFORE: Board Panel: ADKINS-BLANCH, Vice Chairman; GUENDELSBERGER, Board Member; MANUEL, Temporary Board Member.

GUENDELSBERGER, Board Member:

In a decision dated January 8, 2014, an Immigration Judge found the respondent removable under sections 237(a)(2)(A)(ii) and (iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii) (2012), as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct and an aggravated felony. The Immigration Judge also found that because the respondent was convicted of an aggravated felony after his admission at a port of entry as a conditional permanent resident, he was ineligible for a waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (2012), and was therefore also ineligible for adjustment of status pursuant to section 245(a) of the Act, 8 U.S.C. § 1255(a) (2012). The respondent has appealed from that decision, contesting only the denial of his request for relief from removal. The appeal will be dismissed.

The respondent is a native and citizen of South Korea who was admitted to the United States in 1991 at a port of entry as a conditional permanent

---

[1] We acknowledge and appreciate the pro bono representation of counsel and co-counsel before the Immigration Court and the Board in this case.

resident pursuant to section 216(a) of the Act, 8 U.S.C. § 1186a(a) (1988).[2] He was subsequently convicted of receiving stolen property, a theft offense, and robbery in 2005 and 2006, and removal proceedings were initiated in July 2013. At his hearing before the Immigration Judge, the respondent applied for adjustment of status on the basis of his marriage to a United States citizen. Because of his convictions, he also sought a waiver of inadmissibility under section 212(h) of the Act. The Immigration Judge determined that the respondent was convicted of an aggravated felony after his admission as a conditional permanent resident and was therefore barred from establishing eligibility for a section 212(h) waiver. We agree.

Section 212(h) of the Act includes the following proviso, which is known as the aggravated felony bar:

> No waiver shall be granted under this subsection in the case of an alien who has previously been *admitted to the United States as an alien lawfully admitted for permanent residence* if . . . since the date of such admission the alien has been convicted of an aggravated felony . . . .

(Emphasis added.)[3] The only issue on appeal is whether the aggravated felony bar applies to an alien who was admitted at a port of entry as a conditional permanent resident under section 216(a) of the Act. More precisely, the question is whether the respondent is an alien who has previously been "admitted to the United States as an alien lawfully admitted for permanent residence" based on his admission to the United States at a port of entry as a conditional permanent resident.

The United States Court of Appeals for the Third Circuit, in whose jurisdiction this case arises, has held that the phrase "admitted to the

---

[2] Section 216 was added to the Act by the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537, as part of a comprehensive scheme to deter immigration-related marriage fraud. Under that section, a spouse, son, or daughter who obtains lawful permanent resident status on the basis of a marriage not yet of 24 months' duration is considered to have obtained that status on a conditional basis. Sections 216(a)(1), (h) of the Act. A petition to remove the conditional basis of that status must be filed during the 90-day period preceding the second anniversary of the grant of conditional permanent resident status. Sections 216(c)(1), (d)(2) of the Act. Upon approval of the joint petition, the Department of Homeland Security removes the conditional basis of the alien's permanent resident status. Section 216(c)(3)(B) of the Act; 8 C.F.R. § 216.4(d)(1) (2014).

[3] The aggravated felony bar was added to section 212(h) by section 348(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639, in part to resolve questions regarding the equal treatment of aliens based on whether or not they had departed from the United States. *See Matter of Yeung*, 21 I&N Dec. 610, 611–12, 613 (BIA 1996, 1997) (en banc).

United States as an alien lawfully admitted for permanent residence" in the aggravated felony bar of section 212(h) does not apply to an alien who entered without inspection and then adjusted to lawful permanent resident status.[4]  *Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479 (3d Cir. 2012).  As the court in *Hanif* explained:

> Congress clearly only placed limitations on waivers available to aliens who were previously admitted as an alien lawfully admitted for permanent residence.  This phrase requires not only a prior admission to the United States, but also that the prior admission has been made while the alien was in the status of a lawful permanent resident.  We perceive no other meaning from the language of the statute.

*Id.* at 484.[5]

There is no dispute that the respondent was "admitted" to the United States at a port of entry in 1991, so we need only determine whether the phrase "lawfully admitted for permanent residence" in section 212(h) of the Act includes his admission as a conditional permanent resident under section 216(a).[6]

---

[4]  Several other circuit courts have concluded that the aggravated felony bar in section 212(h) is inapplicable to aliens who entered the United States without inspection or were admitted at a port of entry in a status other than that of a lawful permanent resident. *See Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1050−54 (9th Cir. 2014); *Papazoglou v. Holder*, 725 F.3d 790, 793−94 (7th Cir. 2013); *Bracamontes v. Holder*, 675 F.3d 380, 385−89 (4th Cir. 2012); *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363, 1365−67 (11th Cir. 2011); *Martinez v. Mukasey*, 519 F.3d 532, 546 (5th Cir. 2008).  However, in *Roberts v. Holder*, 745 F.3d 928, 932−34 (8th Cir. 2014), the Eighth Circuit rejected the approach taken by those circuits and instead endorsed our interpretation in *Matter of E.W. Rodriguez*, 25 I&N Dec. 784, 789 (BIA 2012), which held that the section 212(h) waiver is unavailable "for any alien who has been convicted of an aggravated felony after acquiring lawful permanent resident status, without regard to the manner in which such status was acquired."

[5]  Under *Hanif*, an alien who entered the United States without inspection, or one who was initially admitted to the United States in nonimmigrant status and subsequently adjusted to conditional permanent resident status, would not be subject to the aggravated felony bar in section 212(h) of the Act because the initial admission would not have been at a port of entry as a lawful permanent resident.

[6]  The record contains conflicting evidence regarding whether the conditions on the respondent's lawful permanent resident status were eventually removed under the procedure provided in section 216(c) of the Act or whether he adjusted status based on a subsequently filed visa petition.  In either event, the result in this case would not be affected, because the Immigration Judge's finding that the respondent was initially admitted as a conditional permanent resident under section 216(a) of the Act is not disputed.

The plain language of section 216 of the Act establishes that an alien admitted as a conditional permanent resident is "lawfully admitted for permanent residence" as defined in section 101(a)(20) of the Act, 8 U.S.C. § 1101(a)(20) (2012), and incorporated into section 212(h) of the Act. Section 101(a)(20) defines the phrase "lawfully admitted for permanent residence" to mean

> the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

Section 216(a)(1) of the Act, which provides as follows, clearly includes aliens who are admitted on a conditional basis within the category of aliens who are "lawfully admitted for permanent residence":

> Notwithstanding any other provision of this Act, an alien spouse (as defined in subsection (h)(1)) and an alien son or daughter (as defined in subsection (h)(2)) shall be considered, *at the time of obtaining the status of an alien lawfully admitted for permanent residence*, to have obtained such status on a conditional basis subject to the provisions of this section.

(Emphasis added.)

The language in other provisions of section 216 also makes clear that permanent resident status is obtained on the date of an alien's initial admission as a conditional permanent resident. For example, section 216(a)(2)(A) provides notice requirements regarding the removal of the conditions that are imposed on an alien spouse, son, or daughter at the time he or she "obtains permanent resident status on a conditional basis under paragraph (1)." Similarly, section 216(c)(3)(B), which governs the removal of conditions of admission after approval of a joint petition, states that the conditional basis of the alien's status is removed "effective as of the second anniversary of the *alien's obtaining the status of lawful admission for permanent residence*." (Emphasis added.)

Moreover, the terms "alien spouse" and "alien son or daughter," which are defined in sections 216(h)(1) and (2) of the Act, include "an alien who obtains the status of an alien lawfully admitted for permanent residence (*whether on a conditional basis or otherwise*)." (Emphasis added.) Section 216(e), which addresses eligibility for naturalization, also specifies that an alien admitted as a conditional permanent resident "*shall be considered to have been admitted as an alien lawfully admitted for permanent residence* and to be in the United States as an alien lawfully admitted to the United States for permanent residence." (Emphasis added.) Thus, although an alien may be admitted pursuant to section 216 on a conditional basis,

under the plain language of that section, such an admission is nonetheless an admission "as an alien lawfully admitted for permanent residence."

Were there any doubt concerning the meaning of the statute, the regulations implementing section 216 of the Act define a "conditional permanent resident" as

> *an alien who has been lawfully admitted for permanent residence within the meaning of section 101(a)(20) of the Act*, except that a conditional permanent resident is also subject to the conditions and responsibilities set forth in section 216 or 216A of the Act, whichever is applicable, and part 216 of this chapter.

8 C.F.R. §§ 216.1, 1216.1 (2014) (emphasis added). The regulations also specify that conditional permanent residents are afforded "the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 C.F.R. §§ 216.1, 1216.1.

Finally, in the context of eligibility for a section 212(c) waiver, the Third Circuit held that a "conditional permanent resident" obtains "lawful permanent resident" status at the time of his or her initial admission. *Gallimore v. Att'y Gen. of U.S.*, 619 F.3d 216, 229 (3d Cir. 2010). After considering the language of section 216 and the corresponding regulation at 8 C.F.R. § 216.1, the court concluded that the Act "thus equates conditional [lawful permanent residents] with 'full-fledged' [lawful permanent residents], except to the extent—but only to the extent—that [section 216] prescribes additional obligations." *Id.*

Because the respondent was admitted to the United States in 1991 at a port of entry as a "conditional permanent resident," he was admitted as an alien "lawfully admitted for permanent residence" within the meaning of sections 101(a)(20) and 212(h) of the Act. The Immigration Judge properly determined that the respondent is subject to the aggravated felony bar and is therefore statutorily ineligible for a section 212(h) waiver. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.