# United States Court of Appeals
## For the First Circuit

No. 14-1690

JULIA MERCEDES CABRERA,

Petitioner,

v.

LORETTA E. LYNCH,* ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Selya and Thompson, Circuit Judges.

Livia Lungulescu and Romanovsky Law Offices on brief for petitioner.

Benjamin C. Mizer, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Ernesto H. Molina, Jr., Assistant Director, Office of Immigration Litigation, and Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

November 9, 2015

—————————

* Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as the respondent.

**SELYA**, **Circuit Judge**.  The petitioner, Julia Mercedes Cabrera, is a native and citizen of the Dominican Republic.  She seeks judicial review of a final order of the Board of Immigration Appeals (BIA) upholding a decision of an immigration judge (IJ), which denied her both an I-751 waiver and cancellation of removal.  After careful consideration, we deny her petition.

## I.  BACKGROUND

We briefly rehearse the facts and travel of the case.  The petitioner entered the United States in January of 1991 and married a U.S. citizen later that same year.  Through that marriage, she was able to acquire status as a conditional lawful permanent resident on June 25, 1993.  See 8 U.S.C. § 1186a(a)(1), (h)(1).  The petitioner and her spouse subsequently filed an I-751 joint petition (the joint petition) seeking to remove the conditional nature of the petitioner's residency status.  See id. § 1186a(c)(1).

Following an interview in early 1996, the Immigration and Naturalization Service notified the petitioner of its intent to deny the joint petition based on a finding of marriage fraud.  The joint petition was formally denied on August 8, 1997, resulting in the termination of the petitioner's status as a conditional lawful permanent resident.  The petitioner never sought review of this adverse determination.  Shortly thereafter, the petitioner

and her spouse became embroiled in divorce proceedings and a final divorce decree was entered on June 18, 1999.

In October of 2000, federal authorities placed the petitioner in removal proceedings. The next year (while still in removal proceedings), the petitioner filed another I-751 petition. This petition (the waiver petition) sought a waiver of the joint petition requirements, maintaining that the petitioner had entered into her marriage in good faith. See id. § 1186a(c)(4).

The waiver petition proved unavailing: United States Citizenship and Immigration Services (USCIS) denied it on October 5, 2006. In doing so, USCIS did not consider the merits of the waiver petition but, rather, relied on the previous finding of marriage fraud. USCIS explained that the marriage fraud finding rendered the petitioner ineligible to seek a waiver of the joint filing requirement.

The removal proceedings were resumed and, in April of 2012, the petitioner appeared for a merits hearing. The IJ asked the petitioner whether she was seeking review of the denial of her joint petition or the denial of her waiver petition. The petitioner confirmed that she was seeking review only of the denial of the waiver petition.

At the end of the hearing, the IJ upheld the denial of the waiver petition. She found that the petitioner had not carried her burden of proving that she had entered into her marriage in

good faith.  Relatedly, the IJ found that the petitioner was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) and, thus, pretermitted her application.

The petitioner timely appealed to the BIA, which affirmed the IJ's decision and dismissed the appeal.  This timely petition for judicial review followed.

## II.  ANALYSIS

Our analysis necessarily begins with the standard of review.  In immigration cases, judicial oversight ordinarily focuses on the final order of the BIA.  See Moreno v. Holder, 749 F.3d 40, 43 (1st Cir. 2014).  "But where, as here, the BIA accepts the IJ's findings and reasoning yet adds its own gloss, we review the two decisions as a unit."  Id. (quoting Xian Tong Dong v. Holder, 696 F.3d 121, 123 (1st Cir. 2012)).  Claims of legal error engender de novo review, with some deference to the agency's expertise in interpreting both the statutes that govern its operations and its own implementing regulations.  See Jianli Chen v. Holder, 703 F.3d 17, 21 (1st Cir. 2012); see also Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843-44 (1984).

We turn next to the relevant legal framework under the Immigration and Nationality Act (the Act).  Under the Act, an alien married to a U.S. citizen for less than 2 years may seek status as a conditional lawful permanent resident.  See 8 U.S.C.

- 4 -

§ 1186a(a)(1), (h)(1).  If conditional residency status is granted, the alien must apply for removal of her conditional status within the 90-day window preceding the second anniversary of the date on which that status was acquired.  See id. § 1186a(c)(1), (d)(2)(A); see also Reynoso v. Holder, 711 F.3d 199, 202 n.4 (1st Cir. 2013).

The application process for the removal of conditional status entails two steps: first, the alien and the citizen spouse must jointly submit a Form I-751 petition attesting to the validity and bona fides of the marriage; second, both spouses must appear for an interview conducted by a Department of Homeland Security (DHS) representative.  See 8 U.S.C. § 1186a(c)(1), (d)(3).  If the joint petition is unsuccessful, then the alien's status as a conditional lawful permanent resident terminates, and DHS will proceed to initiate removal proceedings.  See 8 U.S.C. § 1186a(c)(3)(C); 8 C.F.R. § 216.4(d)(2); see also Reynoso, 711 F.3d at 202 n.4.

An alien whose joint petition is denied may seek review of the adverse determination in her subsequent removal proceedings.  See 8 C.F.R. § 216.4(d)(2).  In that event, the government has the burden of proving by a preponderance of the evidence that the material facts alleged in the joint petition are false.  See id.

There is another path that may be open to an alien who cannot satisfy the requirements for the granting of an I-751 joint

petition. Such an alien may file a petition for a waiver of the joint filing requirements. See 8 U.S.C. § 1186a(c)(4); 8 C.F.R. § 1216.5(a)(1). The alien may qualify for this sort of discretionary waiver by demonstrating, among other things, that she entered into the qualifying marriage "in good faith"; that "the qualifying marriage has been terminated (other than through the death of the spouse)"; and that she "was not at fault in failing to meet the requirements [for a joint petition]." 8 U.S.C. § 1186a(c)(4)(B). Under this framework, the burden of proof rests with the alien to show that she entered into the qualifying marriage in good faith. See id. § 1186a(c)(4); McKenzie-Francisco v. Holder, 662 F.3d 584, 586-87 (1st Cir. 2011). An alien whose waiver petition is denied may seek review of that decision in her removal proceedings. See 8 C.F.R. § 1216.5(f).

Against this backdrop, we examine the petitioner's twin claims of error. First, she asserts that the IJ erroneously reviewed the waiver petition instead of the joint petition, leading to an improper shift in the burden of proof. Second, she asserts that the BIA blundered in determining that she was statutorily ineligible for cancellation of removal. We address these claims of error sequentially.

## A.

The petitioner's first contention need not detain us. At the removal hearing, the IJ made a specific point of clarifying

- 6 -

which petition was at issue. The petitioner, through her attorney, assured the IJ in no uncertain terms that she was seeking review only of the waiver petition, not of the joint petition.

That ends this aspect of the matter. It is axiomatic that a litigant is bound by her strategic choices during the course of a legal proceeding. See Genereux v. Raytheon Co., 754 F.3d 51, 59 (1st Cir. 2014). If a particular strategy later proves unavailing, the litigant cannot forsake her earlier tactical decision at will and "attempt to change horses midstream in hopes of finding a swifter steed." Id. This construct has particular force where, as here, a litigant or her attorney makes an express representation to both the trial judge and the opposing party. See id. at 58-59.

This case aptly illustrates the point. Through her counsel, the petitioner explicitly and emphatically informed the IJ of her decision to seek review only of the waiver petition. Both judges and opposing parties must be able to rely on such representations, and nothing in this record suggests any valid reason why the petitioner should not be firmly bound by her own strategic choice.[1]

---

[1] Because the IJ did not err in reviewing only the denial of the waiver petition, there was no error in her assigning the burden of proof to the petitioner. When an alien seeks judicial review of a waiver petition, the alien must carry the devoir of persuasion and show that she entered into her marriage in good faith. See McKenzie-Francisco, 662 F.3d at 586-87.

This brings us to the petitioner's contention that the BIA erred in determining that she was ineligible to apply for cancellation of removal under section 1229b(a). With respect to this contention, the petitioner urges us to review the decision of the IJ directly because the BIA failed to offer any independent reasoning for its views on this point.

This exhortation lacks force. We treat the conclusions of an IJ as those of the BIA only when the BIA affirms the IJ without opinion. See, e.g., Keo v. Ashcroft, 341 F.3d 57, 59-60 (1st Cir. 2003); Herbert v. Ashcroft, 325 F.3d 68, 70-71 (1st Cir. 2003). This is not such a case: here, the BIA added its own gloss to the IJ's findings and reasoning. Thus, we train the lens of our inquiry on the combination of the BIA's decision and the IJ's decision. See Moreno, 749 F.3d at 43; Xian Tong Dong, 696 F.3d at 123.

An alien who holds lawful permanent resident status may obtain cancellation of removal only if she: (i) "has been . . . lawfully admitted for permanent residence" for at least five years; (ii) "has resided in the United States continuously for seven years" after her admission in any status; and (iii) "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(1)-(3). Even if an alien satisfies these three prerequisites, the Attorney General's decision to grant such relief is discretionary

and "amounts to 'an act of grace.'" Sad v. INS, 246 F.3d 811, 819 (6th Cir. 2001) (quoting INS v. Yueh-Shaio Yang, 519 U.S. 26, 30 (1996)).

In the case at hand, the petitioner falls well short of the required showing. She was, at most, a conditional lawful permanent resident from June 1993 through August 1997 — a period of less than five years. This failure to satisfy the five-year prerequisite is, in itself, enough to find her ineligible for cancellation of removal under section 1229b(a).

In all events, the petitioner lost even this conditional status when USCIS formally denied the joint petition. See 8 U.S.C. § 1186a(c)(3)(C); 8 C.F.R. § 216.4(d)(2). Nor did the filing of the waiver petition serve to restore her residency status. See Severino v. Mukasey, 549 F.3d 79, 83 (2d Cir. 2008). Because the petitioner had no status as a permanent resident, conditional or otherwise, when she filed the waiver petition, the BIA correctly determined that she was categorically ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a). See id. at 82-83 (affirming alien's ineligibility for cancellation of removal under 8 U.S.C. § 1229b(a) because his conditional lawful permanent residency status had been terminated); see also Padilla-Romero v. Holder, 611 F.3d 1011, 1013 (9th Cir. 2010) ("[T]he text requires that an alien applying for cancellation of removal under § 1229b(a) have current [lawful permanent residence] status.").

- 9 -

In an effort to undermine this reasoning, the petitioner picks out scraps of language from a trio of reported cases. This scavenger hunt proves unproductive.

To begin, the petitioner cites In re Ayala-Arevalo, 22 I&N Dec. 398 (BIA 1998), for the proposition that an alien "who does not yet have a final order of deportation, still enjoys the status of an alien who has been 'lawfully admitted for permanent residence.'" Id. at 402. The petitioner's reliance on Ayala-Arevalo is misplaced. Wresting the quoted language from its contextual moorings and giving it sweeping effect — as the petitioner suggests — would ignore entire sections of the Act and a host of implementing regulations that specify the precise circumstances in which an alien's status as a conditional lawful permanent resident terminates. See, e.g., 8 U.S.C. § 1186a(c)(3)(C); 8 C.F.R. §§ 216.4(d)(2), 216.5(f). We cannot — and will not — dispense in so cavalier a manner with the combined directives of Congress and DHS.

Ayala-Arevalo is inapposite for other reasons as well. The alien there enjoyed status as a lawful permanent resident, not as a conditional lawful permanent resident. See Ayala-Arevalo, 22 I&N Dec. at 399. While the petitioner argues that conditional permanent residency is equivalent in all respects to permanent residency, that argument is specious. When Congress wanted to equate the two residency statuses, it knew exactly how to write

such an equivalency into the Act. See, e.g., 8 U.S.C. § 1186a(e) (providing that, for purposes of naturalization, the period of conditional lawful permanent residence should be treated as part of the period of "lawful permanent residence"). Otherwise, Congress has refrained from conflating conditional permanent residency with ordinary permanent residency.

The petitioner's embrace of the BIA's decision in Matter of Paek, 26 I&N Dec. 403 (BIA 2014), does nothing to advance her cause. That decision merely notes that (except to the extent the Act says otherwise) conditional lawful permanent residents have the same privileges as lawful permanent residents, "such status not having changed." Id. at 407. Here, however, the petitioner's status underwent a material change: her conditional residency was terminated in 1997.

So, too, the petitioner finds no succor in Gallimore v. Attorney General of the United States, 619 F.3d 216 (3d Cir. 2010). The petitioner quotes the Gallimore court's pronouncement that "[t]he [Act] . . . equates conditional [lawful permanent residents] with 'full-fledged' [lawful permanent residents]." Id. at 229. But the court hastened to except those situations in which "§ 1186a [of the Act] prescribes additional obligations." Id. In this instance, section 1186a pertains; and the petitioner cannot satisfy the additional obligations of section 1186a because her

- 11 -

application for removal of her conditional status was denied.  <u>See</u>

8 U.S.C. § 1186a(c)(3)(C).

To say more would be pointless.  We hold, without serious question, that the BIA did not err in declaring the petitioner categorically ineligible for cancellation of removal under 8 U.S.C. § 1229b(a).[2]

## III.  CONCLUSION

We need go no further.  For the reasons elucidated above, we deny the petition for judicial review.

**So Ordered.**

---

[2] An alien may, of course, apply for cancellation of removal as a non-permanent resident under 8 U.S.C. § 1229b(b).  <u>See</u>, <u>e.g.</u>, <u>Reynoso</u>, 711 F.3d at 202-03, 209.  The petitioner originally asked for this relief in the alternative, but the IJ later deemed that request abandoned.  Since the petitioner did not appeal that ruling to the BIA, we lack jurisdiction to pursue the matter.  <u>See</u> <u>Molina De Massenet</u> v. <u>Gonzales</u>, 485 F.3d 661, 664 (1st Cir. 2007).