**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 14-3982

KA A. PAEK,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.:  A042-564-755)
Immigration Judge:  Honorable Andrew R. Arthur

Argued on June 1, 2015

(Opinion filed: July 20, 2015)

Before:  RENDELL, HARDIMAN, and VANASKIE, <u>Circuit Judges</u>

Ben Winograd, Esquire **(ARGUED)**
Immigrant & Refugee Appellate Center, LLC
3602 Forest Drive
Alexandria, VA 22302

Daniel B. Conklin
The Shagin Law Group
Inns of St. Judge
120 South Street
Harrisburg, PA 17101

        Counsel for Petitioner Ka A. Paek

Joyce R. Branda, Esquire
Ernesto H. Molina, Jr., Esquire
Bernard A. Joseph, Esquire **(ARGUED)**
Office of Immigration Litigation
United States Department of Justice
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

        Counsel for Respondent United States Attorney
General

## OPINION

**RENDELL**, Circuit Judge:

We address the proper interpretation of the Immigration and Nationality Act ("INA")—specifically, whether the conditional nature of an alien's lawful permanent resident status affects his eligibility for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). Under § 212(h)'s aggravated felony bar, "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence," who is later convicted of an aggravated felony, is statutorily ineligible for a waiver of inadmissibility. *Id.* We must decide whether an alien admitted as a lawful permanent resident on a conditional basis ("Conditional LPR") qualifies as "an alien lawfully admitted for permanent residence" for purposes of § 212(h).

3

The Board of Immigration Appeals ("BIA") answered that question in the affirmative and, therefore, held that Petitioner Ka A. Paek was statutorily ineligible for a § 212(h) waiver because he had committed an aggravated felony after his admission as a Conditional LPR. We agree and will deny the petition for review.

## I.  BACKGROUND

Paek is a native and citizen of South Korea. On June 5, 1991, Paek was admitted to the United States at a port of entry as a Conditional LPR. The basis for Paek's admission was his mother's marriage to a U.S. citizen and member of the U.S. military, thereby qualifying Paek as an "alien son." *See* INA § 216(h)(2), 8 U.S.C. § 1186a(h)(2) ("The term 'alien son or daughter' means an alien who obtains the status of an alien lawfully admitted for permanent residence (whether on a conditional basis or otherwise) by virtue of being the son or daughter of an individual through a

4

qualifying marriage.").  Pursuant to § 216(a)(1), an "alien son" "shall be considered, at the time of obtaining the status of an alien lawfully admitted for permanent residence, to have obtained such status on a conditional basis subject to the provisions of this section."  INA § 216(a)(1), 8 U.S.C. § 1186a(a)(1).

On July 5, 2000, after an appropriate petition was filed, Paek's immigration status was adjusted.  *See* INA § 216(c)(1), 8 U.S.C. § 1186a(c)(1) (describing the requirements "for the conditional basis . . . for an alien spouse or an alien son or daughter to be removed").  His status was adjusted to that of a non-conditional lawful permanent resident ("Non-conditional LPR").

In 2005 and 2006, Paek was convicted of receiving stolen property, theft, and, relevant here, first degree robbery

in violation of Del. Code Ann. tit. 11, § 832(a)(2).[1]  After

removal proceedings were initiated against him, Paek applied

for adjustment of status on the basis of his own marriage to a

U.S. citizen.  He also sought a waiver of inadmissibility

pursuant to § 212(h).

The Immigration Judge ("IJ") determined that, inter

alia, Paek was statutorily ineligible for a § 212(h) waiver

pursuant to the aggravated felony bar:

> No waiver shall be granted under this
> subsection in the case of an alien who has
> previously been admitted to the United States as
> an alien lawfully admitted for permanent
> residence if . . . since the date of such admission

---

[1] "A person is guilty of robbery in the first degree when the person commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, the person or another participant in the crime: . . . (2) Displays what appears to be a deadly weapon or represents by word or conduct that the person is in possession or control of a deadly weapon . . . ."  Del. Code Ann. tit. 11, § 832(a).  On appeal, Paek does not dispute that this offense constitutes an aggravated felony; therefore, we do not address that issue.

the alien has been convicted of an aggravated felony . . . .

INA § 212(h), 8 U.S.C. § 1182(h). The IJ determined that Paek's conviction for first degree robbery was an aggravated felony pursuant to INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), and that Paek was convicted of this aggravated felony after the date he was admitted as a Conditional LPR (i.e., after June 5, 1991). Paek attempted to circumvent the aggravated felony bar by arguing that the bar does not apply to persons initially admitted as Conditional LPRs, but the IJ rejected this argument.

Paek appealed to the BIA. "The only issue on appeal [was] whether the aggravated felony bar applies to an alien who was admitted at a port of entry as a conditional permanent resident under section 216(a) of the [INA]." (App. 5.) In a published decision, the BIA determined that the bar did apply. The BIA reached its decision based on the plain

7

language of § 216, but it also relied on a supporting

regulation, 8 C.F.R. § 216.1,[2] and a decision of this Court,

*Gallimore v. Attorney General*, 619 F.3d 216 (3d Cir. 2010).

The BIA's analysis led it to conclude that Paek is subject to

the aggravated felony bar and is statutorily ineligible for a

§ 212(h) waiver.  Paek petitioned for review.

## II.        JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over Paek's question of law.  *See*

INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *see also*

*Guzman v. Att'y Gen.*, 770 F.3d 1077, 1082 (3d Cir. 2014)

("Our review is limited to constitutional claims and questions

of law.").  "We review legal questions *de novo*, with

---

[2] "A conditional permanent resident is an alien who has been lawfully admitted for permanent residence within the meaning of section 101(a)(20) of the Act, except that a conditional permanent resident is also subject to the conditions and responsibilities set forth in section 216 or 216A of the Act, whichever is applicable, and part 216 of this chapter. . . . All references within this chapter to lawful permanent residents apply equally to conditional permanent residents, unless otherwise specified."  8 C.F.R. § 216.1.

appropriate deference for the BIA's reasonable interpretations of statutes it is charged with administering." *De Leon-Ochoa v. Att'y Gen.*, 622 F.3d 341, 348 (3d Cir. 2010). "Under the familiar two-step *Chevron* inquiry, first, if the statute is clear we must give effect to Congress' unambiguous intent, and, second, if the statute is silent or ambiguous with respect to a specific issue, we defer to an implementing agency's reasonable interpretation of that statute." *Id.* (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984)).

### III.  DISCUSSION

Paek urges that, because he was initially admitted as a Conditional LPR, he has not "previously been admitted to the United States as an alien lawfully admitted for permanent residence." *See* INA § 212(h), 8 U.S.C. § 1182(h). He reasons that the conditional nature of his lawful permanent resident status meant that he was not "permanent" when

admitted, as required by the statutory definition of "lawfully admitted for permanent residence." *See* INA § 101(a)(20), 8 U.S.C. § 1101(a)(20) ("The term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed."). Alternatively, he urges that, if we find the relevant INA sections ambiguous, we should remand to the BIA for further consideration.

However, we conclude that the plain language of the INA indicates that an alien admitted as a Conditional LPR constitutes "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence," INA § 212(h), 8 U.S.C. § 1182(h), and, therefore, that the BIA correctly determined that the aggravated felony bar renders Paek statutorily ineligible for a § 212(h) waiver.

"As with any question of statutory interpretation, our analysis begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). "[I]n looking for the meaning of this statutory language, we must look to the statutory context in which that language is used and the broader context of the statute as a whole as well as the language itself." *N.J. Payphone Ass'n v. Town of W. N.Y.*, 299 F.3d 235, 245 (3d Cir. 2002). "It is true that, in the face of statutory ambiguity or uncertainty, we may 'have recourse to the legislative history of the measure and the statements by those in charge of it during its consideration by the Congress,'" *Estate of Arrington v. Michael*, 738 F.3d 599, 605 (3d Cir. 2013) (quoting *United States v. Great N. Ry.*, 287 U.S. 144, 154-55 (1932)); however, "we do not resort to legislative history to cloud a statutory text that is clear." *Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994). Here, the statutory text is clear, not ambiguous.

11

The aggravated felony bar provides that a § 212(h) waiver is not available to "an alien who has previously been *admitted to the United States as an alien lawfully admitted for permanent residence* if . . . since the date of such admission the alien has been convicted of an aggravated felony . . . ." INA § 212(h), 8 U.S.C. § 1182(h) (emphasis added). We have already addressed the proper date on which a Conditional LPR, who had the conditional basis of his status removed (i.e., who became a Non-conditional LPR), was admitted to the United States as an alien lawfully admitted for permanent residence. *Gallimore*, 619 F.3d at 226-27.[3] In *Gallimore*, the Attorney General argued that the alien, Earl Gallimore, was not "lawfully admitted for permanent residence" until the date on which the conditional basis of his

---

[3] *Gallimore* did not turn on the aggravated felony bar; instead, the issue was the alien's eligibility for a discretionary waiver of removal under INA § 212(c), 8 U.S.C. § 1182(c), which has since been repealed. 619 F.3d at 223.

immigration status was removed, as opposed to the date on which he became a Conditional LPR. *Id.* at 226. We remanded because "the BIA simply overlooked the fact" that the date on which Gallimore had become a Conditional LPR *may* have been the relevant date. *Id.* However, in strong and persuasive dicta, we noted that the provisions in § 216 "unambiguously accord conditional LPRs the privilege of residing 'permanently' in the United States, notwithstanding the literal meaning of the word 'permanently' and the conditional nature of the status." *Id.* at 228. Furthermore, we proclaimed that "[t]he INA thus equates conditional LPRs with 'full-fledged' LPRs, except to the extent—but only to the extent—that [§ 216] prescribes additional obligations." *Id.* at 229. While we did opine on this issue, the parties before us agree—as do we—that this was dicta and not controlling on remand in that case.[4]

---

[4] Paek emphasizes another case, *Hanif v. Attorney General*,

Here, the relevant phrase in the aggravated felony bar is defined by statute: "The term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." INA § 101(a)(20), 8 U.S.C. § 1101(a)(20). Of course, "[w]hen a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning." *Stenberg v. Carhart*, 530 U.S. 914, 942 (2000). The thrust of Paek's argument is that this definition is not consistent with Conditional LPR status because, by its very

---

694 F.3d 479 (3d Cir. 2012), but that case is not relevant to our holding here. In *Hanif*, we determined that, according to the aggravated felony bar's "plain meaning," the bar did not apply to an alien who "originally entered the country illegally," as an illegal alien has not been "admitted" as "an alien lawfully admitted for permanent residence." *Id.* at 484.

14

nature, Conditional LPR status is not "permanent" and indeed changes.

However, as we did in *Gallimore*, we must look to the INA as a whole; in particular, we must consider § 216 and § 216A of the INA, which explain the concept of Conditional LPR status. *See Prestol Espinal v. Att'y Gen.*, 653 F.3d 213, 217 (3d Cir. 2011) ("The Supreme Court has instructed that 'we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.'" (quoting *United States v. Heirs of Boisdore*, 49 U.S. 113, 122 (1850))). When we consider § 216 and § 216A, we can only conclude that Paek was "lawfully admitted for permanent residence," notwithstanding the conditional nature of his LPR status.

Perhaps most tellingly, § 216 states that "an alien son or daughter . . . shall be considered, *at the time of obtaining the status of an alien lawfully admitted for permanent*

*residence, to have obtained such status on a conditional basis* subject to the provisions of this section." INA § 216(a)(1), 8 U.S.C. § 1186a(a)(1) (emphasis added); *see also* INA § 216A, 8 U.S.C. § 1186b(a)(1) ("[A]n alien entrepreneur . . . , alien spouse, and alien child . . . shall be considered, at the time of obtaining the status of an alien lawfully admitted for permanent residence, to have obtained such status on a conditional basis . . . ."). Clearly, Congress contemplated that a Conditional LPR "obtain[s] the status of an alien lawfully admitted for permanent residence," with the only caveat being that said status is obtained "on a conditional basis." INA § 216(a)(1), 8 U.S.C. § 1186a(a)(1).

Lest there be any doubt, § 216 and § 216A refer to "the second anniversary of the alien's obtaining the status of lawful admission for permanent residence" as being synonymous with the second anniversary of the alien's admission as a Conditional LPR. *See, e.g.*, INA § 216(b)(1),

16

(c)(2)(A), (c)(3)(B), (d)(2)(A), 8 U.S.C. § 1186a(b)(1),

(c)(2)(A), (c)(3)(B), (d)(2)(A); INA § 216A(b)(1), (c)(2)(A),

(c)(3)(B), (d)(2)(A), 8 U.S.C. § 1186b(b)(1), (c)(2)(A),

(c)(3)(B), (d)(2)(A). For instance, § 216 provides:

> *In the case of an alien with permanent resident status on a conditional basis* under subsection (a), if—
>> (i) no petition is filed with respect to the alien in accordance with the provisions of paragraph (1)(A), or
>> (ii) unless there is good cause shown, the alien spouse and petitioning spouse fail to appear at the interview described in paragraph (1)(B),
>
> the Secretary of Homeland Security *shall terminate the permanent resident status of the alien as of the second anniversary of the alien's lawful admission for permanent residence.*

INA § 216(c)(2)(A), 8 U.S.C. § 1186a(c)(2)(A) (emphases

added). This provision is clearly applicable only "in the case

of an alien with permanent resident status on a conditional

basis," and it provides that the Secretary of Homeland

Security "shall terminate the permanent resident status of the

17

alien as of the second anniversary of the alien's lawful admission for permanent residence." *Id.* This means that, if no petition to adjust status is filed within two years of an alien becoming a Conditional LPR, then the Secretary of Homeland Security shall terminate the alien's "permanent resident status" at the conclusion of those two years. *Id.* Surely, a Conditional LPR must have had the status of a "permanent resident" for two years in order for such status to be terminated; otherwise, this provision makes no sense.

Indeed, the language of § 216 and § 216A repeatedly discusses Conditional LPRs having their status of lawful admission for permanent residence "terminated." *See, e.g.*, INA § 216(b)(1), 8 U.S.C. § 1186a(b)(1); INA § 216A(b)(1), 8 U.S.C. § 1186b(b)(1). If a Conditional LPR did not have "the status of lawful admission for permanent residence," then the statutes would not speak of Conditional LPRs having such status "terminated." *See, e.g.*, INA § 216(b)(2), 8 U.S.C.

18

§ 1186a(b)(2) ("Any alien whose permanent resident status is terminated under paragraph (1) may request a review of such determination in a proceeding to remove the alien."); INA § 216(c)(2)(A), 8 U.S.C. § 1186a(c)(2)(A) ("[T]he Secretary of Homeland Security shall terminate the permanent resident status of the alien as of the second anniversary of the alien's lawful admission for permanent residence."); INA § 216(c)(2)(B), 8 U.S.C. § 1186a(c)(2)(B) ("In any removal proceeding with respect to an alien whose permanent resident status is terminated . . . ."); INA § 216(c)(3)(C), 8 U.S.C. § 1186a(c)(3)(C) ("[T]he Secretary of Homeland Security . . . shall terminate the permanent resident status of an alien spouse or an alien son or daughter . . . ."); INA § 216(c)(3)(D), 8 U.S.C. § 1186a(c)(3)(D) ("Any alien whose permanent resident status is terminated . . . ."); INA § 216A(c)(2)(A), 8 U.S.C. § 1186b(c)(2)(A) ("[T]he Attorney

General shall terminate the permanent resident status of the alien . . . .").

Similarly, § 216 and § 216A provide that a Conditional LPR becomes a Non-conditional LPR by having "the conditional basis of such status removed." INA § 216(a)(2)(A), 8 U.S.C. § 1186a(a)(2)(A); *accord* INA § 216A(a)(2)(A), 8 U.S.C. § 1186b(a)(2)(A); *see also* INA § 216(c)(1), 8 U.S.C. § 1186a(c)(1) ("In order for the conditional basis . . . to be removed . . . ."); INA § 216(c)(1)(A), 8 U.S.C. § 1186a(c)(1)(A) ("[T]he alien spouse and the petitioning spouse . . . must submit . . . a petition which requests the removal of such conditional basis . . . ."); INA § 216(c)(3)(B), 8 U.S.C. § 1186a(c)(3)(B) ("[T]he Secretary of Homeland Security . . . shall remove the conditional basis of the parties effective as of the second anniversary of the alien's obtaining the status of lawful admission for permanent residence."); INA § 216(c)(4), 8

20

U.S.C. § 1186a(c)(4) ("The Secretary of Homeland Security

. . . may remove the conditional basis of the permanent

resident status for an alien . . . ."). That Congress spoke of

the *removal* of "the conditional basis of such status"

demonstrates that a Conditional LPR had already obtained the

status of "lawful admission for permanent residence."

Nonetheless, Paek urges that our interpretation of "the

status of an alien lawfully admitted for permanent residence"

is undermined by the fact that § 216(e) singles out

Conditional LPRs and that this provision would be surplusage

if all Conditional LPRs are necessarily lawfully admitted for

permanent residence. Section 216(e) states:

> For purposes of subchapter III of this chapter, in
> the case of an alien who is in the United States
> as a lawful permanent resident on a conditional
> basis under this section, the alien shall be
> considered to have been admitted as an alien
> lawfully admitted for permanent residence and
> to be in the United States as an alien lawfully
> admitted to the United States for permanent
> residence.

INA § 216(e), 8 U.S.C. § 1186a(e). Subchapter III relates to naturalization, and it does not include § 212(h), which is in subchapter II. Paek argues that, if a Conditional LPR is "an alien lawfully admitted for permanent residence," Congress would not need to state that Conditional LPRs are "considered" to be lawfully admitted for permanent residence, nor would it have limited § 216(e) to apply only to "subchapter III."

The canon against surplusage counsels us to "give[] effect to every word" of a statute and to avoid rendering a statute "superfluous," whether in whole or in part. *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1177 (2013). But we read § 216(e) not as limiting the situation in which Conditional LPRs are the same as Non-conditional LPRs, but rather as clarifying that, for purposes of naturalization, it does not matter whether an alien is a Conditional LPR or a Non-

conditional LPR: either way, the naturalization provisions apply. We believe that Congress desired to clarify that, for naturalization purposes, a Conditional LPR does not need to wait for the removal of the conditional basis of his status before seeking naturalization, and does indeed have the status of "an alien lawfully admitted for permanent residence." In light of all the other passages in § 216 and § 216A cited above, we do not believe that this instance of purported surplusage creates any ambiguity as to Congress's intent for the aggravated felony bar.[5]

---

[5] We also reject Paek's invocation of the rule of lenity. *See Salinas v. United States*, 522 U.S. 52, 66 (1997) ("The rule [of lenity] does not apply when a statute is unambiguous or when invoked to engraft an illogical requirement to its text."). Likewise to no avail is Paek's reliance on the canon that, where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)). The fact that Congress did not repeat the cumbersome phrase

Paek urges that certain legislative history, which refers to Conditional LPR as being a "status" or as otherwise being different from Non-conditional LPR, indicates that our conclusion is incorrect. *See, e.g.*, H.R. Rep. No. 99-906, at 7 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5978, 5979 ("Creates a two-year 'conditional' status for all alien spouses, sons, and daughters who become permanent resident aliens . . . ."); *id.* at 9, *reprinted in* 1986 U.S.C.C.A.N. at 5981 ("By postponing the privilege of permanent resident status until two years after the alien's obtaining the status of lawful admission for permanent residence, the bill provides a balanced approach."). But, given the clarity and lack of ambiguity in the statutory text, Paek's cited legislative history is unavailing. *See Ratzlaf*, 510 U.S. at 147-48. Regardless,

---

"whether on a conditional basis or otherwise" as a modifier for "lawfully admitted for permanent residence" in every instance, as it did in § 216(h)(1) and (h)(2), does not create an ambiguity in the statute.

Paek can point to nothing in the legislative history that indicates that Congress intended the aggravated felony bar to be inapplicable to Conditional LPRs. Whether the legislative history refers to Conditional LPR as a separate status or otherwise contrasts Conditional LPR from Non-conditional LPR status is of no moment. Simply put, for purposes of the aggravated felony bar, a Conditional LPR is to be treated the same as a Non-conditional LPR.

Given that we find no ambiguity in the statute, we decide this case at step one of the *Chevron* analysis. We do not address the issues the parties have raised in connection with *Chevron*'s step two, which involve the amount of deference we should afford to the BIA's published decision in this case. However, we remind the BIA that "agencies should not move away from their previous rulings without cogent explanation." *Cruz v. Att'y Gen.*, 452 F.3d 240, 250 (3d Cir. 2006). In two prior unpublished BIA decisions, the BIA held

25

that the aggravated felony bar does not apply to an alien admitted as a Conditional LPR. *See, e.g.*, *In re Mata-Rosas*, No. A076-404-712, at 3 (BIA Apr. 20, 2011) (concluding that, because "the respondent was lawfully admitted as a conditional lawful permanent resident," the aggravated felony bar is inapplicable); *In re Peretz*, No. A29-832-294, at 4 (BIA May 25, 1999) ("Furthermore, assuming that the respondent remained a conditional resident, we do not agree that this constitutes the functional equivalent of legal permanent residency for purposes of applying for section 212(h) relief."). The BIA's published decision in Paek's case contradicted these two prior rulings, without acknowledging the contradiction. Perhaps our decision in *Gallimore* is the reason for the BIA's change in position, as the BIA cited *Gallimore* in its decision. If so, it is understandable why the BIA mistakenly believed that *Gallimore* compelled the result.

26

Regardless, issues concerning the amount of deference owed to the BIA's decision are irrelevant to our determination of whether the statutory text is plain and unambiguous. We need not decide what level or type of deference we would give to the BIA's decision in Paek's case because we conclude that our inquiry ends at step one of the *Chevron* analysis: the statutory language of the INA unambiguously provides that an alien admitted as a Conditional LPR is subject to the aggravated felony bar.

## IV.    CONCLUSION

Accordingly, we will deny the petition for review.