**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CHARLES CHUKWUMEZE ELERI,
AKA Charles C. Eleri,
                              *Petitioner*,

v.

JEFFERSON B. SESSIONS III, Attorney
General,
                              *Respondent.*

No. 13-73455

Agency No.
A044-843-028

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2016
Pasadena, California

Filed March 24, 2017

Before: Jacqueline H. Nguyen and John B. Owens, Circuit
Judges, and Edward R. Korman,[*] District Judge.

Opinion by Judge Korman

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied Charles Chukwumeze Eleri's petition for review of the Board of Immigration Appeals' decision finding him ineligible for a waiver of inadmissibility under the aggravated felony bar.

The panel held that because Eleri was admitted to the United States as a conditional permanent resident, he is "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." The panel held that Eleri was therefore ineligible for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h) because he had an aggravated felony conviction.

### COUNSEL

Joseph LaCome (argued), San Rafael, California, for Petitioner.

Colette Jabes Winston (argued), Attorney; Janette L. Allen and Kiley Kane, Senior Litigation Counsel; Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Office of Immigration Litigation, Civil Division, Washington, D.C.; for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# OPINION

KORMAN, District Judge:

The issue presented here is whether the Attorney General has the discretion to grant a waiver of inadmissibility to a conditional permanent resident who has been convicted of an aggravated felony as opposed to a lesser offense involving moral turpitude.  8 U.S.C. § 1182(a)(2)(A)(i)(I).  In the latter case, the Attorney General may grant a waiver of inadmissibility if "the alien's denial of admission would result in extreme hardship" to his U.S. citizen spouse.  *Id.* at § 1182(h)(1)(B).  Such a waiver is barred, however, if the alien has been convicted of an aggravated felony.  *Id.* at § 1182(h).

Before turning to the specific facts of this case, we provide a brief overview of the statutory scheme as it applies to conditional permanent residents.  Specifically, a conditional permanent resident is an alien admitted to the United States for permanent residence on a conditional basis due to, *inter alia*, his marriage to a U.S. citizen. *See* 8 U.S.C. § 1186a(a)(1), (h)(1); *see also Vasquez v. Holder*, 602 F.3d 1003, 1006 (9th Cir. 2010).  "Unless otherwise specified, the rights, privileges, responsibilities and duties which apply to all other lawful permanent residents apply equally to conditional permanent residents, including but not limited to . . . the privilege of residing permanently in the United States as an immigrant."  8 C.F.R. § 216.1.

An alien must file a petition to eliminate his conditional status within the 90-days before "the second anniversary of the alien's obtaining the status of lawful admission for permanent residence," and subsequently attend an interview.

8 U.S.C. § 1186a(c)(1), (d)(2)(A). The petition will be granted, "effective as of the second anniversary of the alien's obtaining the status of lawful admission for permanent residence," upon a determination that the alien's marriage was entered into lawfully, not annulled or terminated except through death of a spouse, and not entered into for the purpose of procuring his admission. *Id.* at § 1186a(c)(3)(A)–(B), (d)(1)(A). The two-year conditional period prescribed by these provisions "strikes at the fraudulent marriage by the simple passage of time [because] it is difficult to sustain the appearance of a *bona fide* marriage over a long period." H.R. REP. NO. 99-906, at 9–10 (1986).

Against this backdrop, we turn to the facts of this case. On March 21, 1995, Charles Chukwumeze Eleri ("Eleri"), a native and citizen of Nigeria, entered the United States as a conditional permanent resident based on his marriage to his first wife, a U.S. citizen. Eleri's status as a conditional permanent resident was automatically terminated in 1997 due to his failure to file the required petition. 8 C.F.R. § 216.4(a)(6). Removal proceedings were not initiated by the Department of Homeland Security ("DHS") until 2011—fourteen years later. The apparent impetus for these proceedings was Eleri's 2009 conviction for forcible rape of a 19-year-old woman with the mental capacity of a 13-year-old girl. In 2012, Eleri's second wife filed a Form I-130 visa petition on his behalf. Notwithstanding the pending removal proceedings, the DHS granted the visa petition, which is "the first step in the process towards a 'family-based adjustment of status.'" *Montoya v. Holder*, 744 F.3d 614, 616 (9th Cir. 2014) (citing *Matter of Hashmi*, 24 I. & N. Dec. 785, 789 (BIA 2009)).

Appearing before an Immigration Judge ("IJ"), Eleri sought adjustment of status under 8 U.S.C. § 1255(a), in conjunction with a waiver of inadmissibility pursuant to § 1182(h)(1)(B). The IJ found, however, that Eleri's conviction for rape constituted both an aggravated felony and a crime involving moral turpitude. The IJ thus held that Eleri was not entitled to a waiver of inadmissibility. On appeal to the Board of Immigration Appeals ("BIA"), Eleri argued that "because he was admitted as a permanent resident on a conditional basis rather than as a lawful permanent resident," the aggravated felony bar to waiver did not apply to him. In an unpublished decision, the BIA agreed with the IJ's determination that Eleri was ineligible for a waiver of inadmissibility.

After the BIA affirmed the IJ's order, Eleri petitioned for review. We have jurisdiction to review de novo questions involving statutory construction. *Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1050 (9th Cir. 2014).

## DISCUSSION

A question of statutory interpretation "begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) (citation omitted). "When an examination of the plain language of the statute, its structure, and purpose clearly reveals congressional intent, our judicial inquiry is complete. But if the plain meaning of the statutory text remains unclear after consulting internal indicia of congressional intent, we may then turn to extrinsic indicators, such as legislative history, to help resolve the ambiguity." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1073 (9th Cir. 2016) (internal quotation marks and citations omitted). Moreover, when a statute is ambiguous

and we have the benefit of an administrative agency's interpretation, we may defer to it if it is "based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).

Section 1182(h) precludes a waiver of inadmissibility "in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony." In *Negrete-Ramirez*, we held that "Congress defined the class of those who are barred from seeking a § [1182(h)] waiver as [permanent residents] who obtained their status prior to or at the time they physically entered into the United States." 741 F.3d at 1053 (citations omitted). The record reflects that Eleri obtained his status as a conditional permanent resident on February 3, 1995, prior to the date of his entry into the United States on March 21, 1995.

Nevertheless, Eleri argues that he did not obtain permanent resident status because he was admitted as a *conditional* permanent resident. Thus, he did not fall within the category of "an alien lawfully admitted for permanent residence." 8 U.S.C. § 1182(h). Put another way, he argues that permanent residents are *not* eligible for a waiver of inadmissibility if they commit an aggravated felony, while those who are admitted as permanent residents on a conditional basis are eligible for such a waiver.

The implausibility of this argument is not unlike that of the one made in *Hing Sum v. Holder*, 602 F.3d 1092 (9th Cir. 2010). There, an alien had "acquired permanent residence through fraud or misrepresentation." *Id.* at 1095. The alien argued that, because of the fraud and misrepresentation, "he

was never lawfully admitted [to the United States] for the purpose of the [aggravated felony] bar." *Id.* Invoking the principle that "when possible, we interpret statutes so as to preclude absurd results," *Andreiu v. Ashcroft*, 253 F.3d 477, 482 (9th Cir. 2001) (en banc), we held that "[t]here is no reason why Congress would give a pass to non-citizens who had fraudulently obtained [permanent resident] status while barring from relief non-citizens who had legitimately obtained [permanent resident] status." *Hing Sum*, 602 F.3d at 1097.

We likewise see no reason in this case why Congress would draw Eleri's desired distinction between permanent residents and conditional permanent residents for the purpose of determining eligibility for a waiver of inadmissibility. Indeed, in *Paek v. Attorney General of the United States*, the Third Circuit held that the "language of the INA [Immigration and Nationality Act] indicates that an alien admitted as a [conditional permanent resident] constitutes 'an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence.'" 793 F.3d 330, 333 (3d Cir. 2015) (quoting 8 U.S.C. § 1182(h)). In doing so, *Paek* affirmed the BIA's published decision to that effect. *Id.*; *see Matter of Paek*, 26 I. & N. Dec. 403, 407 (BIA 2014). *Paek* also pointed to the multiple statutory references to the "second anniversary of the alien's obtaining the status of lawful admission for permanent residence as being synonymous with the second anniversary of the alien's admission as a [conditional permanent resident]." 793 F.3d at 335 (internal quotation marks and citations omitted). Moreover, *Paek* reasoned that the INA "repeatedly discusses [conditional permanent residents] having their status of lawful admission for permanent residence 'terminated,'" which strongly suggests that

conditional permanent residents already possess permanent resident status, because otherwise such status could not be terminated. *Id.* at 336 (citations omitted).

We find the Third Circuit's reasoning persuasive and adopt its holding that an alien admitted as a conditional permanent resident constitutes an "alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." 8 U.S.C. § 1182(h). While a conditional permanent resident has permanent resident status on a conditional basis, he nonetheless enjoys the full rights and privileges of such status. Indeed, as we observed earlier, a DHS regulation provides that "the rights, privileges, responsibilities and duties which apply to all other lawful permanent residents apply equally to conditional permanent residents, including but not limited to . . . the privilege of residing permanently in the United States as an immigrant." 8 C.F.R. § 216.1.

Moreover, Eleri's argument places undue weight on the term "conditional." Eleri's status is not materially different from the status of what the Third Circuit has called a "full-fledged" permanent resident, *Gallimore v. Attorney General of the United States*, 619 F.3d 216, 229 (3d Cir. 2010), or even that of a naturalized citizen. Each may maintain their status on the condition that they did not obtain it as a result of fraud. Thus, naturalized citizens may have their citizenship revoked for willful misrepresentations during the naturalization process, 8 U.S.C. § 1451(a), and permanent residents may be deported for any number of reasons, including document fraud during the application process for permanent residency. *See* 8 U.S.C. § 1227(a)(3)(C)(i); 8 U.S.C. § 1324c(a). Notwithstanding Eleri's status as a "conditional" permanent resident, the condition is simply

that, like the "full-fledged" permanent resident and the naturalized citizen, he has not obtained his status as a result of fraud during the application process. *See* 8 U.S.C. § 1186a(b)(1); 8 U.S.C. § 1227(a)(1)(D)(i).

Thus, as the Third Circuit has explained, the INA "equates conditional [permanent residents] with 'full-fledged' [permanent residents], except to the extent—but only to the extent—that § 1186a prescribes additional obligations." *Gallimore*, 619 F.3d at 229. The "additional obligations," however, only pertain to procedures to ensure that the marriage that afforded an alien the status of a conditional permanent resident was not fraudulent. *See* 8 U.S.C. § 1186a(a)–(c). "And so long as a conditional [permanent resident] complies with those obligations, they do not affect the alien's 'privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws.'" *Gallimore*, 619 F.3d at 229 (quoting 8 C.F.R. § 216.1).

Lastly, even if the statutory language is "ambiguous with respect to the specific issue," the BIA's interpretation is "based on a permissible construction of the statute[s]," *Chevron*, 467 U.S. at 843, and "[w]e apply *Chevron* deference to the [BIA's] interpretations of ambiguous immigration statutes, if the [BIA's] decision is a published decision or an unpublished decision directly controlled by [a] published decision." *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015) (internal quotation marks and citations omitted). While the BIA's decision in this case was unpublished, the BIA did publish a more recent decision in another case, which held that an alien who was admitted as a conditional permanent resident was subject to the aggravated felony bar to waiver. *See Paek*, 26 I. & N. at 407.

In the present case, Eleri was admitted to the United States as a conditional permanent resident in March 1995. Eleri thus constitutes "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." 8 U.S.C. § 1182(h). As such, Eleri is subject to the aggravated felony bar to waiver.

## CONCLUSION

Accordingly, we **DENY** the petition for review.