NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARSEN KARAPETYAN, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No.   13-70882 Agency No. A055-671-242 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2016**
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and KORMAN,*** District Judge.

Petitioner Arsen Karapetyan appeals from the Board of Immigration

Appeals' dismissal of his appeal from an immigration judge's order of removal.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

**1. Petitioner is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I)**

Petitioner was found to be inadmissible for committing two crimes involving moral turpitude: spousal abuse[1] and theft.[2] Petitioner argues that the immigration judge improperly admitted and relied upon a California Department of Justice report and Petitioner's waiver application in finding that Petitioner had been convicted of theft. Not so. While the report contained a small error message, it nonetheless contained all of the information required to qualify as an admissible abstract of record of conviction under 8 C.F.R. § 1003.41(a)(5). Further, Petitioner's waiver application was also admissible because it reasonably indicated the existence of Petitioner's theft conviction under 8 C.F.R. § 1003.41(d).

Because he was convicted of two crimes involving moral turpitude, the "petty offense" exception does not apply, and Petitioner is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I).

---

[1] "[S]pousal abuse under [California Penal Code section] 273.5(a) is a crime involving moral turpitude." *Morales-Garcia v. Holder*, 567 F.3d 1058, 1064 (9th Cir. 2009).

[2] Theft under California Penal Code section 484 is categorically a crime involving moral turpitude. *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1159 (9th Cir. 2009).

## 2. Petitioner is ineligible for a waiver under 8 U.S.C. § 1182(h)

Subsection (h) of 8 U.S.C. § 1182 provides that "[n]o waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States *as an alien lawfully admitted for permanent residence* if . . . the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States."  (emphasis added).

This court recently held that "an alien admitted as a conditional permanent resident," like Petitioner here, "constitutes an 'alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence.'"  *Eleri v. Sessions*, 852 F.3d 879, 883 (9th Cir. 2017) (citing 8 U.S.C. § 1182(h)).  Petitioner is thus subject to § 1182(h)'s seven-year residence requirement—a requirement he cannot meet.  Accordingly, Petitioner is ineligible for a waiver under § 1182(h).

**DENIED.**