Mohammed v. Whitaker

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of January, two thousand nineteen.

Present:    ROSEMARY S. POOLER,
            REENA RAGGI,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

_____

KAREEM FAREED MOHAMMED,

                    *Petitioner*,

            v.                                          17-3202

MATTHEW G. WHITAKER,
ACTING UNITED STATES ATTORNEY GENERAL,

                    *Respondent*.

_____

Appearing for Petitioner:       Luis Cortes Romero, Immigrant Advocacy & Litigation Center,
                                PLLC (Nicholas J. Phillips, Prisoners' Legal Services of New
                                York, *on the brief*), Kent, WA.

Appearing for Respondent:       David H. Wetmore, Office of Immigration Litigation, United
                                States Department of Justice (Joseph H. Hunt, Assistant Attorney
                                General, Civil Division, John Hogan, Assistant Director, Office of
                                Immigration Litigation, Lindsay C. Dunn, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, *on the brief*), Washington, D.C.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this petition for review of a decision of the Board of Immigration Appeals ("BIA") be and hereby is **DENIED**.

Petitioner Kareem Fareed Mohammed, a native and citizen of Trinidad and Tobago, seeks review of a September 6, 2017, decision of the BIA affirming a May 9, 2017, decision of an Immigration Judge ("IJ") ordering his removal. *In re Kareem Fareed Mohammed,* No. A204 048 634 (B.I.A. Sept. 6, 2017), *aff'g* No. A204-048-634 (Immig. Ct. Napanoch May 9, 2017). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Mohammed's convictions limit our review to "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(C), (D). His statutory eligibility for a waiver under 8 U.S.C. § 1182(h) is a question of law that we review de novo. *See Husic v. Holder*, 776 F.3d 59, 61 & n.2 (2d Cir. 2015).

Mohammed was a conditional resident whose lawful permanent resident ("LPR") status terminated in 2016 when U.S. Citizenship and Immigration Services ("USCIS") denied his petition to remove the conditions on his residence. He argues that the BIA and IJ erred when they concluded that he was ineligible to apply for a waiver of inadmissibility in connection with his renewed petition to remove conditions before the IJ.

Section 1182(h) provides for a discretionary waiver of certain criminal grounds of inadmissibility to aliens who can show extreme hardship to qualifying relatives or meet other requirements. However, the waiver is available only if "the Attorney General, in his discretion, and pursuant to such terms, conditions and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status." 8 U.S.C. § 1182(h)(2). The relevant regulations prescribe that, except in circumstances not applicable here, an application to adjust status is the "sole method" of requesting a section 1182(h) waiver from within the United States. 8 C.F.R. § 1245.1(f). Thus, the BIA has held that, in contrast to "an arriving alien seeking readmission," who does "not have to establish eligibility for adjustment of status," an alien in removal proceedings who is already present in the United States "must file a concurrent adjustment application in order to seek a waiver of the grounds of removal." *Matter of Rivas*, 26 I. & N. Dec. 130, 132 (B.I.A. 2013). We recently upheld that interpretation. *Seepersad v. Sessions*, 892 F.3d 121, 124-26 (2d Cir. 2018) (holding that the BIA's distinction between aliens seeking re-admission at the border and those within the United States does not violate the Equal Protection Clause).

Pursuant to this legal framework, Mohammed was not eligible for a section 1182(h) waiver because he applied for the waiver while within the United States and did not concurrently apply for adjustment of status. Mohammed nevertheless argues that he was requesting

re-admission because his LPR status was terminated when USCIS denied the petition to remove the conditions on his residence. *See* 8 U.S.C. § 1186a(c)(3)(C). We are not persuaded.

As the IJ explained in his decision, Mohammed's petition to remove the conditions on his residence was not an application for adjustment of status. Both the Immigration and Nationality Act ("INA") and the regulations accord conditional residents the same rights and privileges as other LPRs, with the exception of the additional conditions imposed to ensure that a bona fide marriage exists. *See* 8 U.S.C. § 1186a(c)(3)(B) (providing that the conditions are to be removed "effective as of the second anniversary of the *alien's obtaining the status of lawful admission for permanent residence*" (emphasis added)); *id.* § 1186a(e) (providing that an alien's two years of conditional residency count toward the years required to naturalize; at the time of an initial adjustment under section 1255, he or she is "considered to have been admitted as an alien lawfully admitted for permanent residence"); 8 C.F.R. § 216.1 ("Unless otherwise specified, the rights, privileges, responsibilities and duties which apply to all other lawful permanent residents apply equally to conditional permanent residents . . . ."); *Matter of Paek*, 26 I. & N. Dec. 403, 407 (B.I.A. 2014) (holding that admission as conditional resident is equivalent to admission as LPR for purposes of applying section 1182(h)'s aggravated felony bar), *petition for review denied*, *Paek v. Attorney Gen.*, 793 F.3d 330, 331-32 (3d Cir. 2015). When Mohammed petitioned to remove his conditions, there was no pending request for an adjustment of status before the IJ, and thus, there was then nothing for an IJ to waive with a section 1182(h) waiver.

To circumvent the requirement of a concurrent request for adjustment of status, Mohammed contends that, because he lost his LPR status when USCIS denied his petition to remove conditions, he was effectively seeking to adjust his status—namely, to regain his LPR status—when he renewed his petition to remove conditions on his residence before the IJ. However, that USCIS denied Mohammed's initial petition to remove conditions and termination of his LPR status, 8 U.S.C. § 1186a(c)(3)(C), does not change our analysis. If USCIS had granted Mohammed's petition to remove the conditions on his residence, then Mohammed would be an LPR and would not have been eligible to apply for a section 1182(h) waiver in removal proceedings. Thus, if the IJ had granted Mohammed's petition to remove the conditions, Mohammed would have merely reverted to the LPR status that he already had. By contrast, with an adjustment of status application, an alien generally seeks an entirely *new* status. For instance, even when an LPR is charged as deportable and applies to re-adjust status in connection with a section 1182(h) waiver, the LPR must have a new visa immediately available and must meet the other statutory requirements for adjustment of status.[1] *See* 8 U.S.C. § 1255(a). We conclude, therefore, that when Mohammed renewed his petition to remove conditions before the IJ, he was not applying to adjust his status and was thus ineligible to apply for a § 1182(h) waiver.

---

[1] Mohammed could not separately apply for adjustment of status because he had no basis to do so. He is divorced from his U.S. citizen wife, has no U.S. citizen children, and although his parents are LPRs, a visa would not be immediately available to an adult child of an LPR. *See* 8 U.S.C. § 1255(a) (immigrant visa must be immediately available for adjustment of status); 8 C.F.R. § 1245.1(a) (providing that an eligible alien "may apply for adjustment of status to that of a lawful permanent resident of the United States if the applicant is eligible to receive an immigrant visa and an immigrant visa is immediately available at the time of filing of the application").

Finally, the BIA's *Abosi* decision on which Mohammed primarily relies cannot bear the weight he puts on it; that case is explicitly limited to aliens who have departed the United States and seek re-admission at the border. *In re Abosi*, 24 I. & N. Dec. 204, 205-06 (B.I.A. 2007) (holding that 8 C.F.R. § 1245.1(f) "applies only to those aliens *in the United States*" and does not require returning LPRs who are treated as arriving aliens to apply for adjustment of status to obtain a section 1182(h) waiver); *see also Seepersad*, 892 F.3d at 124 (emphasizing that "Abosi was *outside* the United States seeking admission"). "The BIA thus differentiates between two types of LPRs: one who is convicted of a crime and is then placed in removal proceedings as deportable, and one who is convicted of a crime, travels abroad, and after seeking readmission is placed in removal proceedings as inadmissible." *Seepersad*, 892 F.3d at 124. Mohammed squarely falls in the first category because he was charged as deportable while within the United States. As explained above, that means he cannot seek a standalone section 1182(h) waiver. *See id.* at 124-26.

We have considered the remainder of Mohammed's arguments and find them to be without merit. Accordingly, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4