**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAISOU MOSE,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

Nos.  18-73090
        20-70065

Agency No. A038-798-414

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2023**
Pasadena, California

Before: SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

Taisou Mose seeks review of two orders by the Board of Immigration

Appeals (BIA). First, the BIA affirmed the decision of an Immigration Judge (IJ)

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying Mose's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), as well as Mose's motion to terminate removal proceedings. Second, the BIA denied Mose's motion to reopen removal proceedings based on alleged ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny both petitions for review.

The BIA did not err in denying Mose's applications for asylum and withholding of removal. Mose's applications for both forms of relief were based on his membership in a proposed particular social group (PSG) comprised of "individuals who might be victims of robbers," which the BIA rejected as not cognizable. Mose forfeited any challenge to the BIA's rejection of his proposed PSG by failing to raise it in his opening brief. *See Perez-Camacho v. Garland*, 54 F.4th 597, 602 n.2 (9th Cir. 2022). We lack jurisdiction to consider the new PSG—"elderly returning Samoan[s], after decades abroad, with immediate family consisting of a single sibling"—which Mose raises for the first time on appeal, because he failed to exhaust this argument before the BIA. *See Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011). Mose also forfeited his challenge to the BIA's denial of CAT relief because he failed to explain in his opening brief how the BIA erred in holding that Mose had not demonstrated that it was more likely

than not that he would be tortured if returned to Samoa. *See Perez-Camacho*, 54 F.4th at 602 n.2.

The BIA did not err in denying Mose's motion to terminate removal proceedings. Notwithstanding *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018), which is inapposite, the failure of an initial notice to appear to include the time and date for Mose's first immigration proceeding does not deprive the immigration court of authority to conduct removal proceedings and issue a removal order. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc); *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019).

Finally, the BIA did not abuse its discretion in denying Mose's motion to reopen and remand to the IJ so that Mose could seek to adjust his status. The motion was untimely because it was filed beyond the 90-day deadline set forth in 8 U.S.C. § 1229a(c)(7)(C)(i). The time bar was not equitably tolled by ineffective assistance of counsel due to counsel's failure to file an application for either adjustment of status or an inadmissibility waiver on Mose's behalf, because Mose is statutorily ineligible for those forms of relief.

To adjust status, an alien must be "admissible to the United States for permanent residence," 8 U.S.C. § 1255(a), and "any alien convicted . . . of a crime involving moral turpitude [CIMT] . . . is inadmissible," 8 U.S.C.

§ 1182(a)(2)(A)(i)(I), absent a waiver of inadmissibility under 8 U.S.C. § 1182(h), *see also Safaryan v. Barr*, 975 F.3d 976, 981 (9th Cir. 2020). Mose was convicted for assault with a deadly weapon under Section 245(a)(1) of the California Penal Code, which is "categorically" a CIMT, *Safaryan*, 975 F.3d at 981, thus rendering Mose inadmissible unless he obtained an § 1182(h) waiver. However, Mose was ineligible for an § 1182(h) waiver. He entered the United States on May 17, 1985, as a lawful permanent resident, *see Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1054 (9th Cir. 2014), and was subsequently convicted of a violation of Section 245(a)(1), which "is categorically a crime of violence for federal sentencing purposes," *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1066 (9th Cir. 2018), and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), *see id.* at 1065. Mose is ineligible for a waiver under 8 U.S.C. § 1182(h) because he was "previously . . . admitted to the United States as an alien lawfully admitted for permanent residence" and "has been convicted of an aggravated felony" after the date of admission. *See Eleri v. Sessions*, 852 F.3d 879, 882–83 (9th Cir. 2017). Thus, he is inadmissible and ineligible for adjustment of status. Therefore, Mose was not prejudiced by counsel's decision not to apply for adjustment of status or an inadmissibility waiver on his behalf, because it would not "have affected the

outcome of the proceedings" had she done so. *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam) (cleaned up).

**PETITIONS DENIED.**